UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| REGIONAL LOCAL UNION NO. 846, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, By and Through LUIS QUINTANA, in his Representative Capacity as Business Manager, *et al*,<br><br>            Plaintiffs,<br><br>   v.<br><br>QPL, INC., a Louisiana Corporation,<br><br>            Defendant. | Case No. 3:11-cv-00933-ST<br><br>FINDINGS AND RECOMMENDATION |

STEWART, Magistrate Judge:

## FINDINGS

On June 24, 2013, the court entered a default judgment awarding plaintiffs $121,080.84 for delinquent contributions; $7,579.14 in auditing fees and costs; $1,825.88 in interest pursuant to ERISA Section 502(g)(2)(C)(i), 29 USC §1132(g)(2)(C)(i); and $1,825.88 in additional interest pursuant to ERISA Section 502(g)(2)(C)(ii), 29 USC §1132(g)(2)(C)(ii). Plaintiffs have now filed a Motion for Attorney's Fees and Costs (docket # 29) seeking $31,249.95 in attorney fees and $509.00 in costs.

In support of the request for attorney fees, plaintiffs have submitted the affidavits of Paul C. Hays, a lawyer in Portland, Oregon, and James R. Kimmey, III, a lawyer in St. Louis

1 – FINDINGS AND RECOMMENDATION

Missouri.  Based on a detailed itemization of services rendered, Mr. Hays requests an award of $7,0778.50 for 36.3 hours incurred by him and two other attorneys in his law firm, Jerome B. Buckley and Ping Tow-Woram, at hourly rates of $195.00.  Also based on a detailed itemization of services rendered, Mr. Kimmey requests an award of $24,171.45 for 94.79 hours he incurred at an hourly rate of $255.00.

All attorneys representing plaintiffs are partners or associates with a minimum of more than eleven (11) years' experience representing labor organizations, employees, trusts and fiduciaries, primarily under the Taft-Hartley Act, Landrum-Griffin Act, as well as the Employee Retirement Income Security Act.  Based on the hourly rates listed in the most recent Oregon State Bar Economic Survey dated August 2012, the hourly rates charged by plaintiffs' attorneys are consistent with attorneys with similar years of practice, as well as attorneys engaged in civil litigation representing plaintiffs (excluding personal injury) in the Portland, Oregon area.

Although defendant has been defaulted and filed no objection to plaintiffs' motion, "the district court [is] required to independently review plaintiffs' fee request even absent defense objection." *Gates v. Deukmejian*, 987 F2d 1392, 1401 (9th Cir 1993).  Thus, this Court is required to "scrutinize a fee request to determine its reasonableness." *Taylor v. Albina Cmty. Bank,* No. CV-00-1098-ST, 2002 WL 31973738, *2 (D Or Oct. 2, 2002) (citations omitted).  "A party is certainly free to pay its lawyers whatever it wishes, but cannot expect to shift the cost of any redundancies and  excesses to its opponent.  Instead it can only shift the reasonable attorney fee expended." *Id* at *5.  In that regard, this Court disallows time entries indicating that more than one  lawyer performed the same task.

> A fee that is "not  excessive" may still be unreasonable.  When attorneys hold a telephone or personal conference, good "billing  judgment" mandates that only one attorney should bill that  conference to the client, not both attorneys.  The same  good "billing judgment" requires attorneys

2 – FINDINGS AND RECOMMENDATION

> not to bill for more than two attorneys to review pleadings or to attend oral argument.

*Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1654-ST, 2001 WL 34045734, at *14 (D Or Feb. 8, 2001).

Scrutiny of the time records submitted in support of plaintiffs' motion reveals some duplication as to attorney conferences. Mr. Hays' itemization of his time primarily includes conferences with Mr. Kimmey by telephone or email. For the most part, Mr. Kimmey's itemization does not include conferences with Mr. Hays. However, Mr. Kimmey has billed time for the following conferences with Mr. Hays for which Mr. Hays also billed: September 6, 2011 (.22), December 5, 2011 (.10), March 14, 2012 (.22), May 18, 2012 (.22), July 25, 2012 (.30), February 11, 2013 (.22), March 6, 2013 (.22), April 11, 2013 (.22), May 6, 2013 (.22), and May 30, 2013 (.40), for a total of 2.34 hours.[1] Mr. Tow-Woram also billed .30 hour for the July 25, 2012 conference. Therefore, to eliminate redundant billings, Mr. Kimmey's time should be reduced by 2.34 hours and Mr. Tow-Woram's time should be reduced by .30 hour.

In addition, Mr. Kimmey incurred over 24 hours between March 13 and May 17, 2013, to prepare and file the Motion for Default Judgment  In that endeavor, he was assisted by Mr. Tow-Woram who incurred another 3.9 hours. A total of about 28 hours is incredibly high for a relatively straightforward motion supported by an 11-page memorandum incorporating much of the supporting exhibits consisting of four agreements, the accountant's audit report, a chart, an email and two affidavits. After all, this is surely not the first default motion submitted by plaintiffs' experienced attorneys who had no need to reinvent the wheel. Accordingly, Mr. Kimmey's time should be reduced by 50% or 12 hours.

---

[1] Although Mr. Buckley's time entries reveal conferences with Mr. Kimmey, those conferences were not duplicated in Mr. Kimmey's time entries.

3 – FINDINGS AND RECOMMENDATION

A review of the itemizations submitted by Mr. Hays and Mr. Kimmey reveals no other entries of excessive or duplicative time. Multiplying 14.34 (12 +2.34) hours at the hourly rate of $255.00 totals $3,656.70, which reduces the amount of fees requested by Mr. Kimmey from $24,171.45 to $20,514.75. Multiplying .30 hour at the hourly rate of $195.00 totals $58.50, which reduces the amount of fees requested by Mr. Hays for his law firm from $7,078.50 to $7,020.00. Thus the total attorney fee award should be reduced to $27,534.75.

Plaintiffs also seek an award of costs in the sum of $509.00, consisting of the filing fee of $350.00, a *pro hac vice* fee of $100.00, fees for service of summons in the amount of $39.00 and the docket fees pursuant to 28 USC §1923 in the amount of $20.00. The expenses which may be taxed as costs are enumerated in 28 USC § 1920. With regard to costs not specifically allowable by statute, district courts have only limited discretion which should be exercised sparingly. *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 100 FRD 264, 265 (D Or 1983). All of the requested costs are supported and recoverable except for the $100.00 *pro hac vice* fee. A party is free to hire a lawyer who has not been previously admitted to this court, but the cost of admission to this court is for the convenience of the lawyer and not one that may be passed to the losing party under 20 USC § 1920. Therefore, costs should be awarded in the reduced sum of $409.00.

## RECOMMENDATION

For the reasons set forth above, plaintiffs' Motion for Attorney Fees and Costs (docket #29) should be GRANTED in the reduced sum of $27,534,75 for attorney fees and $409.00 for costs.

///

///

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, July 29, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  July 10, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
